Eugene J. Wait, Jr.
Nevada Bar #001794
WAIT LAW FIRM
305 W. Moana Lane, Second Floor
P.O. Box 719
Reno, Nevada 89504-0719
Telephone: (775) 827-5500

Attorneys for Defendant
CONTINENTAL TIRE NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OLIMPIA ALEJANDRINA CHACHON, individually, and as Guardian Ad Litem for KATHERINE RIVERA; MARIA DELGADO, individually, and as Guardian Ad Litem for MARIA DELCARMEN LOPEZ, JOSE ANGEL LOPEZ, and NANCY DELGADO LOPEZ; ROSARIO IBARRA; EUGENIA LOPEZ; CLAUDIA PACHECO, individually, and as Guardian Ad Litem for RICARDO PACHECO,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL TIRE NORTH AMERICA, INC. and DOES I-V,<br><br>Defendants.<br>_____/ | Case No.: 3:06-cv-00283-ECR-RAM<br><br>STIPULATION FOR PROTECTIVE ORDER |

STIPULATION

IT IS HEREBY STIPULATED among the parties to the above-entitled action, through their respective undersigned counsel of record, that the court should be requested to enter a Protective

Order in the language contained in the proposed Protective Order attached hereto and marked Exhibit "A."

Dated: __Oct 10__, 2006.

KILPATRICK, JOHNSTON & ADLER
412 N. Division Street
Carson City, Nevada 89703

By: _____
Charles M. Kilpatrick, Esq.
Nevada Bar #000275

Attorneys for Plaintiffs

Dated: __October 12__, 2006.

WAIT LAW FIRM

By: _____
Eugene J. Wait, Jr., Esq.
Nevada Bar #001794

Attorneys for Defendant
CONTINENTAL TIRE NORTH
AMERICA, INC.

2

Eugene J. Wait, Jr.
Nevada Bar #001794
WAIT LAW FIRM
305 W. Moana Lane, Second Floor
P.O. Box 719
Reno, Nevada 89504-0719
Telephone: (775) 827-5500

Attorneys for Defendant
CONTINENTAL TIRE NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OLIMPIA ALEJANDRINA CHACHON, individually, and as Guardian Ad Litem for KATHERINE RIVERA; MARIA DELGADO, individually, and as Guardian Ad Litem for MARIA DELCARMEN LOPEZ, JOSE ANGEL LOPEZ, and NANCY DELGADO LOPEZ; ROSARIO IBARRA; EUGENIA LOPEZ; CLAUDIA PACHECO, individually, and as Guardian Ad Litem for RICARDO PACHECO,<br><br>    Plaintiffs,<br><br>v.<br><br>CONTINENTAL TIRE NORTH AMERICA, INC. and DOES I-V,<br><br>    Defendants.<br>_____/ | Case No.: 3:06-cv-00283-ECR-RAM<br><br>PROPOSED PROTECTIVE ORDER |

WAIT LAW FIRM
Attorneys At Law
305 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel: (775) 827-5500 • Fax (775) 827-6663

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OLIMPIA ALEJANDRINA CHACHON, individually, and as Guardian Ad Litem for KATHERINE RIVERA; MARIA DELGADO, individually, and as Guardian Ad Litem for MARIA DELCARMEN LOPEZ, JOSE ANGEL LOPEZ, and NANCY DELGADO LOPEZ; ROSARIO IBARRA; EUGENIA LOPEZ; CLAUDIA PACHECO, individually, and as Guardian Ad Litem for RICARDO PACHECO, <br><br>Plaintiffs, <br><br>v. <br><br>CONTINENTAL TIRE NORTH AMERICA, INC. and DOES I-V, <br><br>Defendants. | Case No.: 3:06-cv-00283-ECR-RAM <br><br><u>PROTECTIVE ORDER</u> |

Pursuant to the Stipulation signed by the parties and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. CONTINENTAL TIRE NORTH AMERICA, INC. ("CTNA") recognizes that discovery in a product liability suit may call

for the production of material containing confidential and proprietary business information and other commercially sensitive information of CTNA, and that CTNA has a protected proprietary and property interest in those material.

    a.    CTNA shall designate those documents and other material deemed to contain confidential or proprietary information by stamping, marking, or otherwise identifying such material as "Confidential Material." Such designation shall make such items and all copies, prints, summaries, or other reproductions of such material subject to this Order.

    b.    In the event counsel for any party, in good faith, disputes the designation of any document as Confidential, he or she shall notify counsel for CTNA in writing. CTNA shall then seasonably apply to the court for a determination that the document is protected pursuant to F.R.C.P. 26(c).

    c.    Until a final determination by the court, any disputed document will be treated as Confidential Material pursuant to this Protective Order.

2.    The Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rule of discovery and evidence.

    a.    When used in this description, the word "Confidential" means CTNA trade secrets, research, development and other proprietary information.

2

b. When used in this description, the term "Confidential Material" means all written materials, computer documents, videotapes, answers to interrogatories, responses and requests for production, deposition transcripts and all other tangible items which disclose "Confidential" information.

c. In the case of a deposition or oral examination, counsel for CTNA may, during the deposition, designate that testimony involving Confidential Material be held as confidential. In that event, the court reporter will transcribe such questions and answers apart from the regular transcript, as well as any exhibits marked during the testimony, and submit them directly to the court under seal.

d. Documents which have been produced by CTNA to any governmental agency or body such as the National Highway Traffic Safety Administration ("NHTSA") at any time, and deemed by that agency or body to be confidential pursuant to 49 CFR 512 or other similar regulations, constitute Confidential Material for the purposes of this Protective Order and are, as such, covered by its terms.

e. When used in this description, the term "Covered Persons" includes the following: (1) the named plaintiff(s) and defendants, other than CTNA in this litigation; (2) the named counsel for all parties, other than CTNA in this litigation, including members of counsel's legal or support staff (e.g. in-house investigators, secretaries, legal assistants, paralegals

3

and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; and (3) experts retained or consulted by counsel for any party other than CTNA to assist in the preparation, prosecution, or evaluation of this litigation.

Absent further other of the court, those documents marked as Confidential Material, as described in paragraph 1a, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any matter to anyone other than covered persons without the prior written agreement of CTNA or an order of the court after due notice to CTNA.

3. Before showing or divulging the contents of any Confidential Material to any covered person, counsel shall first obtain from each such person a signed "Written Assurance" in the form attached hereto. Counsel shall maintain a list of all such recipients of Confidential Material to whom this paragraph applies and the original of all Written Assurances required pursuant to this paragraph. Counsel shall provide copies of each Written Assurance to CTNA withing two (2) working days of its execution and prior to the disclosure of the Confidential Material. However, parties shall not be required to disclose the actual identity of any expert retained or consulted by the party until it is determined that such expert will be a witness at trial. All "consulting" experts shall be required to execute the

4

Written Assurance and counsel shall forward the same to CTNA, along with all materials provided, at the conclusion of the litigation.

4. Information and documents subject to this Order and any duplicates thereof may not be used for any purpose other than the prosecution of this lawsuit.

5. If any Confidential Material is filed with this court, including any pleading or memorandums incorporating Confidential Material, it shall be filed in a sealed envelope on which the following legend shall prominently appear:

CHACHON, ET AL v. CONTINENTAL TIRE NORTH AMERICA, INC.

Case No.: 3:06-cv-00283-ECR-RAM

Confidential - This envelope contains documents or other material filed by [name of party]; it shall not be opened nor the contents thereof displayed or revealed except by the Order of this court.

Confidential Material may be introduced into evidence, if otherwise admissible, provided that the plaintiff shall provide CTNA ten (10) days prior notice of its intent so that CTNA may have adequate opportunity to seek _in camera_ treatment of such documents.

6. At the conclusion of this litigation, all Confidential Material shall be returned to CTNA. Counsel shall return all documents which were produced in discovery pursuant to the Protective Order and shall contact all persons who have executed

5

Written Assurances and direct the return or all Confidential Material, including all copies, to CTNA. If this litigation is settled, CTNA will expect the return of all Continental material prior to delivering a settlement check which will be held by CTNA's counsel for delivery.

Dated: October 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OLIMPIA ALEJANDRINA CHACHON, individually, and as Guardian Ad Litem for KATHERINE RIVERA; MARIA DELGADO, individually, and as Guardian Ad Litem for MARIA DELCARMEN LOPEZ, JOSE ANGEL LOPEZ, and NANCY DELGADO LOPEZ; ROSARIO IBARRA; EUGENIA LOPEZ; CLAUDIA PACHECO, individually, and as Guardian Ad Litem for RICARDO PACHECO, <br><br>Plaintiffs, <br><br>v. <br><br>CONTINENTAL TIRE NORTH AMERICA, INC. and DOES I-V, <br><br>Defendants. <br>_____/ | Case No.: 3:06-cv-00283-ECR-RAM <br><br> DECLARATION OF WRITTEN ASSURANCE |

I hereby acknowledge and affirm under penalties of perjury that I have read the terms and conditions of the Protective Order agreed to by the parties in <u>CHACHON, ET AL v. CONTINENTAL TIRE NORTH AMERICA, INC.</u>, Case No.: 3:06-cv-00283-ECR-RAM, on _____ (date).

I understand the terms of the Order and declare under penalties of perjury that I consent to be bound by the terms of the Order as a condition to being provided access to the Confidential Documents furnished by CONTINENTAL TIRE NORTH AMERICA, INC. ("CTNA").

Further, by executing this Declaration of Written Assurance, I hereby consent to the jurisdiction of the above-captioned court for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Declaration of Written Assurance are specifically reserved by CTNA and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Declaration of Written Assurance, I recognize that CTNA may pursue all civil remedies available to it as a third-party beneficiary of this Declaration of Written Assurance.

Executed under penalties of perjury in the City of _____, State of _____, on _____, 20___.

_____
Name
_____
Firm
_____
Address
_____
City
_____
State, Zip
_____
Telephone Number